UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL |
| - against - | Criminal Docket No. 23 Cr. 575 |
| CARLOS ENRIQUE SILVESTRE BRITO, | 23 Mag. 5068 |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO CARLOS ENRIQUE SILVESTRE BRITO, ("the defendant") and to his attorney of record herein, Andrew Dalack, Esq., that upon conviction of the defendant for the offense of Illegal Reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York
November 2, 2023

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____
DIARRA M. GUTHRIE
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS <br> IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| CARLOS ENRIQUE SILVESTRE BRITO, | Criminal Docket No. 23 Cr. 575 <br> 23 Mag. 5068 |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO CARLOS ENRIQUE SILVESTRE BRITO, ("the defendant") and to his attorney of record herein, Andrew Dalack, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of the Dominican Republic.

3. On or about July 21, 2017, the defendant was sentenced to 24 months' imprisonment after he was convicted for two counts of distributing and possessing with the intent to distribute heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

4. On or about November 20, 2018, the defendant was removed from the United States pursuant to an administrative order issued by ICE on or about June 29, 2018.

5. The defendant subsequently reentered the United States without having been admitted or paroled, or at a time or place other than as designated by the Attorney General.

6. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offense: Illegal Reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2).

7. The above-mentioned offense carries a maximum term of 20 years' imprisonment.

8. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; Section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; and Section 212(a)(9)(C)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed

under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to the Dominican Republic.

Dated:  New York, New York
        November 2, 2023

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                        By:             _____
                                        DIARRA M. GUTHRIE
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | Criminal Docket No. 23 Cr. 575 |
| CARLOS ENRIQUE SILVESTRE BRITO, | 23 Mag. 5068 |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

CARLOS ENRIQUE SILVESTRE BRITO, the defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is CARLOS ENRIQUE SILVESTRE BRITO.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, November 2, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated November 2, 2023.

4. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

5. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Andrew Dalack, Esq. After consultation with my counsel and

understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

6. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

7. I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or

endeavored to do so; Section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; and Section 212(a)(9)(C)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted

8. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

9. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in the Dominican Republic and have no present fear of persecution in

the Dominican Republic, the country of my citizenship. I further acknowledge that I have not been tortured in the Dominican Republic and have no present fear of torture in the Dominican Republic, the country of my citizenship.

10. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

11. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

12. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

13. I will accept a written order issued by this Court for my removal from the United States to the Dominican Republic, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

2/23/24
Date

CARLOS E Silvestre Brito
Defendant's Signature

2/23/24
Date

Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

CARLOS ENRIQUE SILVESTRE BRITO,

              Defendant.

CONCURRENCE OF
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT

Criminal Docket No. 23 Cr. 575
23 Mag. 5068

- - - - - - - - - - - - - - - - - X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

New York, New York

Dated  11/2/23

_____
KENNETH GENALO
Field Office Director
United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
|---|---|
| - against - | Criminal Docket No. 23 Cr. 575<br>23 Mag. 5068 |
| CARLOS ENRIQUE SILVESTRE BRITO,<br><br>Defendant. | |

----------------------------------X

Upon the application of the United States of America, by DIARRA M. GUTHRIE, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of CARLOS ENRIQUE SILVESTRE BRITO (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of the Dominican Republic.

3. On or about July 21, 2017, the defendant was sentenced to 24 months' imprisonment after he was convicted for two counts of distributing and possessing with the intent to distribute heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

4. On or about November 20, 2018, the defendant was removed from the United States pursuant to an administrative order issued by ICE on or about June 29, 2018.

5. The defendant subsequently reentered the United States without having been admitted or paroled, or at a time or place other than as designated by the Attorney General.

6. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offense: Illegal Reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2).

7. The above-mentioned offense carries a maximum term of 20 years' imprisonment.

8. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; Section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being

admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; and Section 212(a)(9)(C)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

9. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

10. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

11. The defendant has designated the Dominican Republic as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the Dominican Republic.

Dated: New York, New York
2-23- 2024

HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE